IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| AUBREY PAUL EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-132 |
| | ) | |
| THE DODGE COUNTY SHERIFF'S DEPARTMENT; OFC. WALT TURNER; and OFC. DILLON WARREN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On September 29, 2022, Plaintiff submitted an unsigned complaint, (doc. no. 1, p. 14), in violation of Federal Rule of Civil Procedure 11 and Local Rule 11.1, which read together, require *pro se* litigants such as Plaintiff to personally sign each court filing. Upon opening the case, the Clerk of Court sent Plaintiff a deficiency notice regarding the missing signature, provided a copy of the signature page for Plaintiff to sign and return, and set a fourteen-day deadline for compliance. (See doc. no. 3.) The notice explained failure to correct the deficiency could result in dismissal. (See id.) Plaintiff failed to respond to the Clerk's deficiency notice.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible

sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff failed to comply with the requirements of the Federal Rules of Civil Procedure and Local Rules when he did not sign his complaint, and when given the opportunity to submit the appropriate paperwork, he failed to respond to the Clerk's deficiency notice. Plaintiff's failure to comply with the requirements of the Federal and Local Rules, and his failure to respond to the Clerk's deficiency notice, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, as Plaintiff sought to proceed *in forma pauperis* and has paid no portion of the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Therefore, Plaintiff's case should be dismissed.

In sum, the time to respond has passed, and Plaintiff has not signed his complaint as required. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of October, 2022, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA